W. M. HANCOCK, *Appellant*, v. STATE EXCHANGE BANK AND OTHERS, *Appellees*.

Opinion filed Nov. 2, 1915.

The Court may postpone to the final hearing an application by one claiming a homestead exemption in a judgment in his favor as to which a writ of garnishment has issued and as to a claim for personal property not actually levied upon.

Appeal from Circuit Court, Columbia County; M. F. Horne, Judge.

Order affirmed.

*Cone & Chapman,* for Appellant;

*R. T. Boozer,* for Appellees.

PER CURIAM.—A bill was filed praying that certain personal property be set aside as exempt including a judgment in favor of the complainant against one of the defendants, against whom a writ of garnishment had issued. Upon the filing of the bill immediate action was requested, but it being made to appear that no actual levy had been made, the court refused to act immediately and held the matter in abeyance until the final hearing.

The time consumed by this appeal has been considerably more than would have been needed to bring the matters to an issue in the manner desired by the chancellor. The two questions sought to be decided on this appeal, *viz.,* is an actual levy necessary before the sheriff is called upon to allow the exemption, and is the garnishment of a money judgment properly cognizable in these proceedings, have never been passed upon by the court of first instance, and we, as an appellate court sitting to correct its errors, should not undertake to pass upon these questions.

We think the court had the right to postpone the decision of these questions until all the parties interested could be fully heard, and we will not interfere with his order of postponement.

Order affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ., concur.